**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ROBERT RAMIAN | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 16 C 11622 |
| | ) |
| ALLTRAN | ) |
| 5800 North Course Drive | ) |
| Houston, Texas 77072 | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM ORDER[1]

To characterize this action, instituted by a Complaint drafted by attorney John Carlin, as puzzling has to be viewed as the understatement of the month -- or given its timing, perhaps as the understatement of 2016. Some minor evidence of counsel's confusion is manifested at the very outset, for here is the Complaint's opening assertion (with emphasis added) , placed even before the centered heading "INTRODUCTION"

> Now comes Plaintiff by and through <u>her</u> attorneys, and, for <u>his</u> Complaint alleges as follows:

That small glitch, however, pales in comparison with the really bizarre inconsistencies encountered elsewhere in the Complaint. Thus:

1. Both the Complaint's case caption and Complaint ¶ 1 identify "Robert Ramian" as plaintiff, and the same is true of the contemporaneously filed Civil Cover

---

[1] This is one of the last two new lawsuits in which this Court's chambers received a courtesy copy of a newly-filed Complaint before the advent of the New Year. As the text of this memorandum order will reflect, if this Court were inclined to coin outrageous puns it would voice its suspicion that counsel bringing each of the lawsuits had been practicing before the wrong "bar" in celebrating the imminent arrival of 2017.

Sheet and Attorney Appearance Form. Thereafter the allegations through Complaint ¶ 10 speak only of the "Plaintiff" and "Defendant."

2. But mysteriously, like Aphrodite riding "quite naked in an oyster shell on top of the sea,"[2] Renee Nabril suddenly appears as the action's Plaintiff in Complaint ¶ 11. Then all of the Complaint's allegations thereafter speak only of her and of defendant Alltran, which is asserted to have been formerly known as United Recovery Systems LP, identified as a "debt collector" under the Fair Debt Collection Practice Act (the "Act," U.S.C. § 1692 et seq.)[3]

Under most circumstances that quite extraordinary hiccup might perhaps be overlooked, with attorney Carlin given the opportunity to return to the drawing board to present an acceptable Amended Complaint. But there is something far more troubling about the existing Complaint in substantive terms. Here are Complaint ¶¶ 23 through 27, which begin by referring to Complaint Ex. A, the January 3, 2016 collection letter mailed by Alltran to Ramian (!), who may thus turn out to be the plaintiff after all:

> 23. Said letter stated "[A]s of the date of this letter you owe the amount stated above. Because your account continues to accrue interest and may accrue late and other charges on all owe balances pursuant to your agreement with Citibank,N.A., the amount due on the date you pay may be greater." See Exhibit A.
>
> 24. This debt has been charged off prior[4] Plaintiff receiving said letter.

---

[2] W. H. Auden, <u>Anthem for St. Cecelia's Day</u>.

[3] Further references to provisions of the Act will simply take the form "Section --" omitting the prefatory "15 U.S.C. §."

[4] At this point attorney Carlin obviously omitted the word "to."

25. There is absolutely nothing in the agreement between Citibank and Plaintiff that would give Citibank (or Defendant) the right to charge "late" or "other charges."

26. There is absolutely no legal possibility that the statement in paragraph 23 can come to pass.

27. It is a violation of 15 U.S.C. Section 1692e to imply an outcome that cannot legally come to pass.

In relevant part Complaint Ex. A, after identifying the underlying indebtedness sought to be collected as "$3,871.43 as of January 3, 2016," then continues with the two sentences quoted in Complaint ¶ 23.

By definition the allegations in Complaint ¶¶ 25 and 26 must depend on what is said in "the agreement between the Citibank and Plaintiff" to which both the January 3 debt collection letter and the Complaint refer. Attorney Carlin necessarily had to have that document to refer to, for his mere ipse dixit would not satisfy his obligation of objective good faith under Fed. R. Civ. P. 11(b).

In light of the two deficiencies -- the clerical one and the substantive one -- identified in this memorandum order, the Complaint is dismissed -- but without prejudice. If it is replaced by an appropriate and adequate Amended Complaint (including a copy of the presently missing agreement between Ramian and Citibank as an additional exhibit) on or before January 24, 2017, this action may go forward. If not, this action itself will then be dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 6, 2017